# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JESSE JAMES CASTON | CIVIL ACTION NO. 06-0591 |
| VS. | SECTION P |
| JAMES CALDWELL | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING AND ORDER

On or about June 21, 2004, Louisiana prisoner Jesse James Caston filed a *pro se* civil rights complaint in the Sixth Judicial District Court and named as his sole defendant Sixth Judicial District Attorney James Caldwell. [doc. 1] Thereafter, Caston filed a motion to proceed *in forma pauperis*. On June 23, 2004, his motion was granted. [docs. 1 and 2] On July 7, 2004, plaintiff filed a Motion for Temporary Restraining Order. [doc. 4] On March 6, 2006, plaintiff filed an amended complaint. [doc. 6] On March 9, 2006, the defendant filed an answer. [doc. 7] On March 23, 2006, **plaintiff** filed a Notice of Removal pursuant to 28 U.S.C. §1446 seeking removal of this civil rights complaint to this court. [docs. 8 and 9]

## LAW AND ANALYSIS

28 U.S.C. §1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending... (emphasis supplied)

The above cited statute is clear. Only the defendant may remove a case from state court.

1

The statutory right of removal has been vested only in defendants, and a plaintiff may not remove an action from state court. See *Smith v. St. Luke's Hospital*, 480 F.Supp. 58 ( S.Dak. 1979); *American International Underwriters v. Continental Insurance Company*, 843 F.2d 1253 (9th Cir. 1988); *Geiger v. ARCTCO Enterprises, Inc.*, 910 F.Supp. 130 (S.D.N.Y. 1996)

28 U.S.C. §1447(c) provides in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." While this court may exercise federal question jurisdiction over §1983 claims, it may not exercise jurisdiction over cases removed in violation of the provisions of 28 U.S.C. §1441.[1]

Therefore,

**IT IS HEREBY ORDERED** that this matter be **REMANDED** to the Sixth Judicial District Court, Parish of East Carroll, State of Louisiana.

This Order shall be **STAYED** for fifteen (15) days. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If, after fifteen (15) days, no appeal has been filed, the Clerk shall remand this action forthwith.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22nd day of June, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[1] In addition to the fact that a plaintiff has no right to remove, the undersigned notes that Plaintiff alleges diversity of citizenship as the jurisdictional basis supporting removal. [see doc. 9, paragraphs 3 and 11-14] Of course, that allegation is false. Both plaintiff and the defendant are citizens of Louisiana. [see doc. 1, paragraphs 3 and 4] Therefore, even if the plaintiff had the right to remove, this court lacks subject-matter jurisdiction over this case on the grounds alleged by the plaintiff.